IN THE SUPREME COURT
OF THE VIRGIN ISLANDS

**FILED**

September 16, 2024 12:43 PM
SCT-Crim-2024-0015
**VERONICA HANDY, ESQUIRE**
**CLERK OF THE COURT**

**For Publication**

# IN THE SUPREME COURT OF THE VIRGIN ISLANDS

|  |  |  |
|---|---|---|
| C'QUAN J. CELESTINE, | ) | **S. Ct. Crim. No. 2024-0015** |
| Appellant/Defendant, | ) | Re: Super. Ct. Crim. No. ST-2016-CR- |
|  | ) | 00195 (STT) |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
|  | ) |  |
| **PEOPLE OF THE VIRGIN ISLANDS,** | ) |  |
| Appellee/Plaintiff. | ) |  |
|  | ) |  |

On Appeal from the Superior Court of the Virgin Islands
Division of St. Thomas & St. John

Considered: July 16, 2024
Filed: September 16, 2024

Cite as: 2024 V.I. 29

**BEFORE:** **RHYS S. HODGE**, Chief Justice; **IVE ARLINGTON SWAN,** Associate Justice; and, **HAROLD W.L. WILLOCKS**, Associate Justice

**APPEARANCES:**

**David J. Cattie, Esq.**
The Cattie Law Firm, P.C.
St. Thomas, U.S.V.I
*Attorney for Appellant*,

**Sean P. Bailey, Esq.**
Assistant Attorney General
St. Croix, U.S.V.I.
*Attorney for Appellee.*

## OPINION OF THE COURT

**WILLOCKS, Associate Justice.**

¶1    Appellant C'Quan J. Celestine ("Celestine") appeals the Superior Court's March 14,

2024, Judgment and Commitment, for failing to conduct a full re-sentencing hearing upon

*Celestine v. People*
S. Ct. Crim. No. 2024-0015
Opinion of the Court
Page 2 of 12

2024 V.I. 29

remand, in violation of this Court's Opinion and Judgment.[1] For the reasons that follow, we affirm.

## I. BACKGROUND

¶2     After a trial by jury in May 2017, Celestine was convicted of seven counts, including attempted murder in the second degree, assault in the first and third degree, and unauthorized possession of a firearm during the commission of each of those crimes. Thereafter, the Superior Court sentenced him to 40 years imprisonment "on the Habitual Offender Information." Judgment and Commitment (*People v. Celestine*, ST-2016-CR-00195, Docket No. 84), entered August 17, 2017,[2] at 3. The trial court stayed the sentences on the individual charges, but explained what those sentences would be if imposed. Celestine timely appealed both his convictions and sentence to this Court.

¶3     In the previous appeal (referred to herein as *Celestine I*), Celestine claimed: (1) that his due process rights were violated during trial and, thus, that his convictions should be overturned; (2) that the Superior Court erred in applying the habitual offender sentencing enhancement; and, (3) that, based upon this Court's holding in *Titre v. People*, 70 V.I. 797 (V.I. 2019), his convictions on the "lesser" counts should be vacated.

¶4     Upon consideration, this Court affirmed the Superior Court's sentencing order, but ordered the case be "**REMANDED FOR RESENTENCING** in accordance with this Court's *Titre* decision." Judgment (*Celestine v. People*, S. Ct. Crim. No. 2017-0066, Docket No. 51), entered June 17, 2020, at 2 (emphasis in original).[3]

---

[1] *Celestine v. People*, 73 V.I. 500 (V.I. 2020) ("*Celestine I*").

[2] In what appears to be a typographical error, this Court's opinion and order in *Celestine I* refer to the Superior Court's "August 9, 2017 judgment and commitment." However, that original Judgment and Commitment is dated August 17, 2017.

[3] This Court's written opinion in the previous appeal is recorded at *Celestine v. People*, 73 V.I. 500 (V.I. 2020); however, the accompanying Judgment was not included.

¶5      The Superior Court convened for such resentencing on March 7, 2024, but it did not

conduct a full sentencing hearing. The Superior Court simply vacated Celestine's convictions

on Counts Three through Seven of the information, inclusive, and imposed sentence on Counts

One and Two, as outlined by the trial court, clarified the enhancement of the sentence under

the Habitual Offender statute, and reiterated the other provisions contained in the August 17,

2017, Judgment and Commitment.[4]

---

[4] The original judgment sentenced Celestine "to a term of imprisonment in the Bureau of Corrections for forty (40) years on the Habitual Offender information," with the trial judge noting that

> with regard to Count One of the June 21 2016 Information Attempted Murder in the Second Degree the imposition of sentence is stayed but were the Court to impose a separate sentence thereon the Court would sentence Defendant to a term of imprisonment in the Bureau of Corrections for twenty five (25) years and . . . with regard to Count Two Unauthorized Possession of a Firearm during the Commission or Attempted Commission of a Crime of Violence Attempted Murder in the Second Degree the imposition of sentence is stayed but were the Court to impose a separate sentence thereon the Court would sentence Defendant to fifteen (15) years with said sentence to run consecutive to the sentence imposed on Count One and a fine of Twenty five thousand dollars ($25 000 00) . . . .

Judgment and Commitment (*People v. Celestine*, ST-2016-CR-00195, Docket No. 84), entered August 17, 2017, at 3. The judgment also deemed Counts Three through Seven merged with Count Two and stayed the sentences for those counts. In addition, the trial court gave Celestine credit for time served and imposed restitution and court costs.

At resentencing, the Superior Court ordered:

> [t]hat with regard to Count One of the June 21 2016, Information Attempted Murder in the Second Degree, Defendant is sentenced to a term of imprisonment for twenty five (25) years, and . . . with regard to Count Two, Unauthorized Possession of a Firearm during the Commission or Attempted Commission of a Crime of Violence, Attempted Murder in the Second Degree, Defendant is sentenced to fifteen (15) years imprisonment, with said sentence to run consecutive to the sentence imposed on Count One and Defendant shall pay a fine of Twenty five thousand dollars ($25 000 00) . . . .

Judgment and Commitment (*People v. Celestine*, ST-2016-CR-00195, Docket No. 105), entered March 14, 2024, at 4.

*Celestine v. People*
S. Ct. Crim. No. 2024-0015
Opinion of the Court
Page 4 of 12

2024 V.I. 29

¶6 Celestine filed his notice of appeal on March 15, 2024, which was amended on March 18, 2024. He seeks to vacate the Superior Court's Judgment and Commitment and have the matter "remanded for a full rehearing." (App'ant Br. at 14.).[5]

## II. JURISDICTION AND STANDARD OF REVIEW

¶7 Title 4, section 32(a) of the Virgin Islands Code vests this Court with "jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court or as otherwise provided by law." 4 V.I.C. § 32(a). Because the Superior Court's March 14, 2024, order sentencing Celestine disposed of the matters submitted to it upon remand, the order constitutes a final judgment within the meaning of 4 V.I.C. § 32.

¶8 We review the trial court's factual findings for clear error and exercise plenary review over its legal determinations. *Thomas v. People*, 63 V.I. 595, 602-03 (V.I. 2015) (citing *Simmonds v. People*, 53 V.I. 549, 555 (V.I. 2010)). "However, in ruling on the correctness of discretionary rulings, such as those granting or denying motions to suppress evidence or for severance, we review only for abuse of discretion." *Ponce v. People*, 72 V.I. 828, 833 (V.I. 2020) (citations omitted).

## III. DISCUSSION

¶9 In *Celestine I*, we found that our holding in *Titre v. People*, 70 V.I. 797 (V.I. 2019), applied to Celestine,[6] and agreed "that the secondary convictions should be vacated."

---

It further ordered that "Defendant is sentenced as a Habitual Offender pursuant to 14 VIC § 61; therefore, he shall serve not less than ten (10) years and his sentence shall not be suspended, nor shall probation be granted, neither shall parole or any other form of release be granted for the minimum period of incarceration"; it vacated Counts Three, Four, Five, Six and Seven; and, it gave Celestine the same credit for time served and imposed the same restitution and court costs as the trial judge in the original judgment. *Id.* at 4-5 (footnote omitted).

[5] Initially, Celestine contended that the Superior Court's order also violated 14 V.I.C. § 104. However, he withdrew this portion of this appeal in his reply brief. Thus, we do not address that issue herein.

[6] There, we declared:

*Celestine v. People*
S. Ct. Crim. No. 2024-0015
Opinion of the Court
Page 5 of 12

2024 V.I. 29

*Celestine*, 73 V.I. at 511. Our judgment in *Celestine I* ordered the case to be **"REMANDED**

**FOR RESENTENCING** in accordance with this Court's *Titre* decision." Judgment (*Celestine*

*v. People*, S. Ct. Crim. No. 2017-0066, Docket No. 51), entered June 17, 2020, at 2 (emphasis

in original). Celestine avers that this order required the Superior Court to conduct a hearing as

set forth in V.I. R. CRIM. P. 32 and that the Superior Court erred in failing to do so.[7] However,

---

In *Titre v. People*, 2019 VI 3, 70 V.I. 797 (V.I. 2019), this Court examined title 14, section 104 of the Virgin Islands Code, which provides that "[a]n acquittal or conviction and sentence under any [provision of Virgin Islands law] bars a prosecution for the same act or omission under any other." 14 V.I.C. § 104. We had previously held that the appropriate remedy under this provision was the "merger-and-stay" remedy, under which convictions under multiple statutes are "merged" and any lesser sentences stayed. *Williams v. People*, 56 V.I. 821, 834 n.9 (V.I. 2012). However, in *Titre* we determined that the "merger-and-stay" remedy "only creates confusion and the possibility of more errors at the trial court level which then need to be corrected by this Court," and that vacatur of any lesser convictions was a more appropriate remedy.

*Celestine*, 73 V.I. at 511.
[7] Rule 32 of the Virgin Islands Rules of Criminal Procedure provides, in relevant part:

**(i)  Sentencing.**

**(1) In General.**
At sentencing, the court:
> **(A)** must verify that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report;
>
> **(B)** must allow the parties' attorneys to comment on the probation officer's determinations and other matters relating to an appropriate sentence; and
>
> **(C)** may, for good cause, allow a party to make a new objection at any time before sentence is imposed.

**(2) Introducing Evidence; Producing a Statement.**
The court may permit the parties to introduce evidence. If a witness testifies at sentencing, Rule 26.2 (a)-(d) and (f) applies. If a party fails to comply with a Rule 26.2 order to produce a witness's statement, the court must not consider that witness's testimony.

*Celestine v. People*
S. Ct. Crim. No. 2024-0015
Opinion of the Court
Page 6 of 12

2024 V.I. 29

a review of subparagraph (i) of the rule does not indicate whether the provision applies equally

to resentencing.

---

**(3) Court Determinations.**

At sentencing, the court:

> **(A)** may accept any undisputed portion of the presentence report as a finding of fact;
>
> **(B)** must--for any disputed portion of the presentence report or other controverted matter--rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing; and
>
> **(C)** must append a copy of the court's determinations under this rule to any copy of the presentence report made available to the Bureau of Corrections.

**(4) Opportunity to Speak.**

> **(A) By a Party.**
> Before imposing sentence, the court must:
>
> > **(i)** provide the defendant's attorney an opportunity to speak on the defendant's behalf;
> > **(ii)** address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence; and
> >
> > **(iii)** provide an attorney for the government an opportunity to speak equivalent to that of the defendant's attorney.
>
> **(B) By a Victim.**
> Before imposing sentence, the court must address any victim of the crime who is present at sentencing and must permit the victim to speak or submit any information about the sentence.
>
> **(C) In Camera Proceedings.**
> Upon a party's motion and for good cause, the court may hear in camera any statement made under Rule 32(i)(4).

V.I. R. CRIM. P. 32(i).

*Celestine v. People*
S. Ct. Crim. No. 2024-0015
Opinion of the Court
Page 7 of 12

2024 V.I. 29

¶10 Subparagraph (b) of Rule 32 is the only provision which contains the term *resentencing*; however, nothing in this portion of the rule indicates that subparagraph (i) applies to resentencing. It only requires that a resentencing be held "forthwith," providing: "Where a sentence has been opened and vacated, the defendant shall be re-sentenced forthwith, except where a new trial is granted." V.I. R. CRIM. P. 32(b)(1).

¶11 Celestine argues that the Superior Court violated this Court's order requiring resentencing because it merely vacated the lesser convictions without conducting a full sentencing hearing as outlined in Rule 32(i). Celestine maintains that the term *resentencing* is a "term of art" and, by ordering a resentencing, the Court intended the Superior Court "to conduct a full sentencing hearing," as outlined in V.I. R. CRIM. P. 32. (App'ant Br. at 7 (quoting J.A. 68) (internal quotation marks omitted)). He further posits that, if vacatur of the lesser offenses was the sole objective, the Court simply could have ordered the Superior Court to vacate those convictions, like the instructions given in *Titre*. Thus, he concludes that by employing the word *resentencing* we meant that the Superior Court hold a comprehensive sentencing hearing.

¶12 In support of his position, Celestine relies primarily upon *State v. Steimle*, 2002 Ohio 2238, 2002 WL 973076 (Ohio Ct. App. 2002). However, that case is not analogous to the matter at bar, and Celestine's reliance thereon is misplaced. In *Steimle*, the Ohio Court of Appeals' decision is based upon a particular Ohio statute requiring a "sentencing hearing . . . before resentencing an offender who was convicted of . . . a felony and whose case was remanded . . . ." Ohio Rev. Code Ann. § 2929.19 (West). The Virgin Islands has no corresponding statute.

Celestine also cites *State v. Sinegal*, 444 So. 2d 1184 (La. 1984). But, that case is inapposite as well because the court in *Sinegal* gave specific instructions that the resentencing be "after a full hearing and affording defendant opportunity to contravene allegations in [a

*Celestine v. People*
S. Ct. Crim. No. 2024-0015
Opinion of the Court
Page 8 of 12

2024 V.I. 29

pretrial-services] report." *Id.* at 1184. Likewise, *United States v. Colletti*, 984 F.2d 1339 (3d Cir. 1992), does not support Celestine's position. In *Colletti*, the United States Court of Appeals for the Third Circuit specifically ordered that the "new sentencing hearing . . . be conducted in full compliance with Rule 32(c)(3)(a), and that the appellant . . . be afforded an adequate opportunity to present, by appropriate means, all pertinent information." *Id.* at 1350. In the matter at bar, the language that was included in both of those cases is absent from our remand order.

¶13    The People counter that Celestine "focuses too narrowly on the single use of the word 'resentencing' in the Court's Order . . . while wholly ignoring the context in which that word is used . . . . Indeed, this Court did not merely remand this matter 'for resentencing' generally, but specifically for 'resentencing in *accordance with Titre*.'" App'ee Br. at 3 (emphasis in original). We agree. The Court's qualifying phrase, "in accordance with this Court's *Titre* decision," supports the Superior Court's interpretation of the remand order. In *Titre*, we specifically held that "vacatur shall be the remedy in cases in which section 104 is implicated . . . ." *Titre*, 70 V.I. at 809.

¶14    In *Celestine I*, we explained that "in *Titre* we determined that the 'merger-and-stay' remedy 'only creates confusion and the possibility of more errors at the trial court level which then need to be corrected by this Court,' and that vacatur of any lesser convictions was a more appropriate remedy." *Celestine*, 73 V.I. at 511. We then concluded that, in Celestine's case, "*Titre* applies, and Celestine's lesser convictions should be vacated." *Id.* Thus, the mandate of our remand order was that Celestine be resentenced by having his lesser convictions vacated.[8]

---

[8] Since our holding in *Titre*, we have remanded numerous cases with instructions to vacate convictions of lesser-included offenses in accordance therewith. *See, e.g., Williams v. People*, S. Ct. Crim. No. 2019-0068, 2024 V.I. 27 (V.I. August 16, 2024) (remanding with instructions to vacate convictions and sentences pursuant to *Titre*); *Thomas v. Gov't of the Virgin Islands*,

*Celestine v. People*
S. Ct. Crim. No. 2024-0015
Opinion of the Court
Page 9 of 12

2024 V.I. 29

¶15    Moreover, in his prior appeal, Celestine did not take issue with the length or propriety of the sentences imposed as to Counts I and II or the other provisions of the judgment and commitment, nor did this Court's remand order address those matters.[9] In fact, the remand order affirmed the August 17, 2017, judgment and commitment entered by the Superior Court.

¶16    In *Rawlins v. People of the Virgin Islands*, 59 V.I. 1069, 1073 (V.I. 2013), we adopted the "rule that '[a] defendant does not receive a second chance to support an argument he failed to support in a first appeal simply because he is resentenced.'" (quoting *United States v. Stuckey*, 255 F.3d 528, 531 (8th Cir. 2001)). As support for that principle, we cited *United States v. Marmolejo*, 139 F.3d 528, 531 (5th Cir. 1998), where the court stated: "This case was remanded for resentencing. The fact that the appellate court did not expressly limit the scope of the remand order did not imply that a full blown sentencing hearing was permissible for a second time, allowing evidence on all issues that would affect the sentencing guidelines." Here, the Court did limit the scope of the remand order in *Celestine I*; nothing in the remand order implied that a full-blown sentencing hearing was permissible for a second time.

¶17    In *United States v. Stanley*, 54 F.3d 103 (2d Cir. 1995), another case we relied upon in *Rawlins*, the United States Court of Appeals for the Second Circuit states: "Our decision in *Stanley I* did not call for *de novo* resentencing. Instead, we identified a narrow issue for remand . . . ." *Stanley*, 54 F.3d at 108. Like the *Stanley* court, this Court's remand order in

---

77 V.I. 503 (V.I. 2022) (where the matter was remanded with instructions to vacate consistent with *Titre v. People*, 2019 V.I. 3); *Roberts v. People*, 76 V.I. 555 (V.I. 2022) (where this Court remanded with instructions to vacate to comport with our decision in *Titre*); *Cascen v. Gov't of the Virgin Islands*, 74 V.I. 512 (V.I. 2021) (matter remanded and the Superior Court directed to apply the ruling in *Titre*); *Flores v. People*, 70 V.I. 958, 962 n.3 (V.I. 2019) (where the Court notes that "[i]n light of *Titre* . . . , the proper procedure where 14 V.I.C. § 104 is implicated would be to vacate the conviction of the lesser included offense"). At this stage, the application of *Titre* is clear.

[9] Celestine did object to the application of the habitual offender enhancement, and the Court found that the Superior Court's sentencing was proper. *Celestine*, 73 V.I. at 510.

*Celestine I* identifies a narrow issue for remand; namely, that resentencing be "in accordance with this Court's *Titre* decision." Judgment (*Celestine v. People*, S. Ct. Crim. No. 2017-0066, Docket No. 51), entered June 17, 2020, at 2. Given our accompanying opinion, where we declared that, under *Titre*, "vacatur of any lesser convictions was [the] appropriate remedy" and that "*Titre* applies, and Celestine's lesser convictions should be vacated," *Celestine*, 73 V.I. at 511, the order is abundantly clear and capable of only one interpretation: the lesser convictions should be vacated. Thus, the Superior Court's understanding of the order was correct.

¶18    The Superior Court further noted that in *Celestine I* neither Celestine nor this Court suggested that the sentence of 40 years incarceration was excessive.

> I do not find that they -- that this -- the Court's decision was intended to have an entire new hearing with -- I think the Court -- to me the Court is clear, the Court decision -- at least it's clear on that part that the purpose is to have the Court vacate the lesser convictions. That is my understanding of the Court's decision, and those -- and those lesser convictions, and enter -- and to ensure that the sentence, not the -- not to do this all over again and decide on a new period of incarceration. It was to ensure that the sentence as it is handed down that whatever needs to be corrected is corrected so that it conforms with Titre. That's my understanding of the Court's order, of the Supreme Court's order. I don't see the Supreme Court order as asking the Court, this Court to go back and revisit all the testimony and -- or considerations that the Court took into account when it sentenced Mr. Celestine. My job is to just ensure that the order, whatever errors were in this order in terms of the formulation of it, is corrected to make it consistent with Titre. That's my understanding of this order. It's a resentence to ensure that the -- and to vacate the lesser convictions. And the lesser convictions in this case are Counts Four, Five, Six, and Seven. So the Court is just going to -- at this point the Court is just going to impose the sentence consistent with what its understanding is of the Supreme Court's order. Because there was no -- during this appeal there was no claim that the -- at least there is nothing in the Supreme Court's order that suggest that the sentence of 40 years incarceration is excessive. There is nothing in the Court's order, the Supreme Court's decision to suggest that, otherwise this Court would look at that, but there is nothing that would do that.

J.A. 73-74.

*Celestine v. People*
S. Ct. Crim. No. 2024-0015
Opinion of the Court
Page 11 of 12

2024 V.I. 29

¶19 This Court, in *Irons v. People*, 57 V.I. 473 (V.I. 2012), held that, where a resentencing results in a reduction of sentence, the absence of the defendant does not violate his or her constitutional rights. We noted that a "defendant only has a constitutional right to be present at stages of the trial 'where his absence might frustrate the fairness of the proceedings.'" *Id.* at 479 (quoting *Faretta v. California*, 422 U.S. 806, 819 n.15 (1975) (internal citation omitted)). The defendant in *Irons* had been present at the original sentencing hearing and

> was given the opportunity to challenge the accuracy and reliability of the information the trial court used, to argue the weight the information should be given, and to present mitigating circumstances. The subsequent proceeding was conducted for the limited purpose of correcting Irons's sentence so that it comported with the plea agreement. It was not a "critical stage" of sentencing, as the sentence had already been imposed, nor did her "absence ... frustrate the fairness of the proceedings." Thus, her absence from the subsequent hearing did not affect the fairness of the procedure and was not unconstitutional.

*Irons*, at 57 V.I. 479-80. In the present case, Celestine was present and was given the opportunity to participate fully in the initial sentencing hearing. His resentencing, for the purpose of vacating the convictions of the lesser-included offenses, to comport with this Court's holding in *Titre* – technically a reduction of sentence – was not a "critical stage of the proceedings against" him. *Id.* at 479 (quoting *United States v. Parrish*, 427 F.3d 1345, 1347 (11th Cir. 2005) (internal citation omitted)). Therefore, and particularly since Celestine was present, a lack of a full hearing did not "frustrate the fairness of the proceedings." *Faretta*, 422 U.S. at 819 n.15 (citing *Snyder v. Massachusetts*, 291 U.S. 97 (1934)).

## IV.    CONCLUSION

¶20 To conclude, we affirm the March 14, 2024, Judgment and Commitment of the Superior Court.

*Celestine v. People*
S. Ct. Crim. No. 2024-0015
Opinion of the Court
Page 12 of 12

2024 V.I. 29

**Dated this 16th day of September, 2024**

                             **BY THE COURT:**

                             **HAROLD W.L. WILLOCKS**
                             Associate Justice

**ATTEST:**
**VERONICA J. HANDY, ESQ.**
**Clerk of the Court**

**By:** _____
       **Deputy Clerk**

**Dated:**    9-16-2024